IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TYHEIM H., | * | |
| Plaintiff, | * | |
| vs. | * | Civil Action No.  ADC-21-223 |
| KILOLO KIJAKAZI,<br>Acting Commissioner,<br>Social Security Administration | * | |
| Defendant. | * | |

## **MEMORANDUM OPINION**

On January 26, 2021, Tyheim H. ("Plaintiff" or "Claimant") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny his claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). ECF No. 1 ("the Complaint"). Plaintiff and Defendant filed cross-motions for summary judgment (ECF Nos. 15, 16) on September 27, 2021 and November 23, 2021, respectively.[1] Plaintiff responded in opposition. ECF No. 17. After considering the parties' motions and response thereto, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 15) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 16) is DENIED, the SSA's decision is REVERSED, and the case is REMANDED to the SSA for further analysis in accordance with this Opinion.

---

[1] On December 31, 2021, this case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302. *See* ECF No. 8.

1

## PROCEDURAL HISTORY

On October 25, 2018, Plaintiff filed a Title XVI application for SSI, alleging disability since June 15, 2015. ECF No. 11-3 at 14. His claim was denied initially on June 25, 2019 and upon reconsideration on September 27, 2019. *Id.* Subsequently, Plaintiff filed a written request for a hearing, and on June 26, 2020, an Administrative Law Judge ("ALJ") presided over a hearing. *Id.* On July 31, 2020, the ALJ rendered a decision ruling that Plaintiff was not disabled under the Act. *Id.* at 30. Plaintiff requested a review of the ALJ's determination, which the Appeals Council denied on November 30, 2020. *Id.* at 3. Thus, the ALJ's decision became the final decision of the SSA. *See* 20 C.F.R. § 416.1481; *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). On January 26, 2021, Plaintiff then filed the Complaint in this Court seeking judicial review of the SSA's denial of his disability application. ECF No. 1.

## STANDARD OF REVIEW

This Court may review the SSA's denial of benefits under 42 U.S.C. § 405(g). *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court's review of an SSA decision is deferential: "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). *See Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."). The issue before the reviewing Court is whether the ALJ's finding of nondisability is supported by substantial evidence and based upon current legal standards. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citations omitted). In a substantial evidence review, the Court does not

"reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (citations omitted). Therefore, in conducting the "substantial evidence" inquiry, the Court must determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for SSI, a claimant must establish that he is under disability within the meaning of the Act. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. 1382c(a)(3)(A); 20 C.F.R. § 416.905. A claimant shall be determined to be under disability where "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step sequential evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. § 416.920. *See Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). "If at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i). If so, the claimant is not disabled. At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments]" that is either expected to result in death or to last for a continuous twelve months. 20 C.F.R. § 416.920(a)(4)(ii). If not, the claimant is not disabled. At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. § 416.920(a)(4)(iii). If so, the claimant is considered disabled, regardless of the claimant's age, education, and work experience. *See Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. § 416.920(a)(4)(iv). Claimant's RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 416.945(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 416.929(b). Once the claimant makes that threshold showing, the ALJ must then evaluate the extent to which the symptoms limit the claimant's capacity to work. *Id.* § 416.929(c)(1). At this second stage, the ALJ must consider all of the available evidence, including

4

the claimant's medical history, objective medical evidence, and statements by the claimant. *Id.* § 416.929(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. *See generally* SSR 96-7p, 1996 WL 374186 (July 2, 1996). To assess credibility, the ALJ should consider the claimant's daily activities, treatments he has received for his symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *3. However, the ALJ may not "disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate them." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting SSR 16-3p, 2016 WL 1119029, at *5 (Mar. 16, 2016) (citations omitted)). Requiring objective medical evidence to support a claimant's subjective evidence of pain "improperly increase[s] [a claimant's] burden of proof." *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017).

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. § 416.920(a)(4)(iv). If so, the claimant is not disabled. Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. The claimant has the burden of proof during steps one through four of the evaluation. *See Radford*, 734 F.3d at 291. However, at step five, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC, and (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. § 416.920(a)(4)(v). *See Hancock*, 667 F.3d at 472–73. If the claimant can perform other work that exists in significant numbers in the national economy, then he is not disabled. 20 C.F.R. § 416.920(a)(4)(v). If the claimant cannot perform other work, he is disabled.

5

## **ALJ DETERMINATION**

The ALJ performed the sequential evaluation and found at step one that Plaintiff had not engaged in substantial gainful activity since October 25, 2018, the application date. ECF No. 11-3 at 16. At step two, the ALJ found that Plaintiff had the following severe impairments: status-post gunshot fasciotomy wound to right leg with complete transection of the popliteal artery and vein and retained bullet/shrapnel; status-post right superficial femoral artery ("SFA") to lower popliteal artery bypass with greater saphenous vein harvest from the left leg; status-post skin graft to right lower leg; complex regional pain syndrome ("CRPS") of right lower extremity/traumatic compartment syndrome of right lower extremity, sequela; status-post stabbing to left forearm; status-post exploration of left penetrating wound and repair of the left extensor carpi ulnaris, left flexor carpi ulnaris, and dorsal sensory nerve branch to the dorsal left hand, ring, and little finger; and left fifth digit phalanx/distal interphalangeal joint fracture. *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, Subpt. P, App. 1. *Id.* at 19.

The ALJ then determined that Plaintiff had the RFC:

[T]o perform light work as defined in 20 CFR 416.967(b), except he can only occasionally push or pull with the left upper extremity; can only occasionally operate foot controls with the right foot; and frequently operate foot controls with the left foot. The claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; and can never climb ladders, ropes, and scaffolds. He can only occasionally handle, finger, and feel with the left hand. The claimant must avoid concentrated exposure to extreme cold, wetness, excessive vibration, hazardous moving machinery, and unprotected heights.

*Id.* at 20. At step four, the ALJ found that Plaintiff was unable to perform past relevant work. *Id.* at 28. Finally, at step five, the ALJ concluded that there "are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," considering his age, education, work

experience, and RFC. *Id.* at 29. Thus, the ALJ concluded that Plaintiff was not disabled under the Act. *Id.* at 30.

## DISCUSSION

Plaintiff's sole argument on appeal is that the ALJ's RFC determination is not supported by substantial evidence because he failed to evaluate Plaintiff's pain limitations as a result of his CRPS in accordance with SSR 03-2p. ECF No. 15-2 at 13. In particular, Plaintiff contends that the ALJ erroneously rejected relevant parts of Ms. Sara Makrinos's opinion (Plaintiff's treating pain management specialist) and failed to consider the extent to which Plaintiff could perform his daily activities in violation of *Woods v. Berryhill*, 888 F.3d 686 (4th Cir. 2018). *Id.* at 13, 17, 22. In response, Defendant contends that the ALJ sufficiently evaluated Plaintiff's CRPS in accordance with SSR 03-2p because he properly followed the sequential evaluation process, properly considered Ms. Makrinos's opinion in light of the full record, and appropriately considered Plaintiff's daily activities as one factor in evaluating his subjective complaints. ECF No. 16-1 at 6–11.

SSR 03-2p[2] details the SSA's process for evaluating claims for disability on the basis of CRPS (also known as Reflex Sympathetic Dystrophy Syndrome ("RSDS")), a "unique clinical syndrome . . . characterized by complaints of intense pain." SSR 03-2p, 2003 WL 22399117, at *1 (Oct. 20, 2003). The SSA explained that "conflicting evidence in the medical record is not unusual in cases of [CRPS] due to the transitory nature of its objective findings and the complicated diagnostic process involved. Clarification of any such conflicts in the medical evidence should be sought first from the individual's treating or other medical sources." *Id.* at *5. "Claims in which

---

[2] Social Security Rulings "are binding on all components of the Social Security Administration" and "represent precedent final opinions and orders and statements of policy and interpretations" that the SSA has adopted. *See* 20 C.F.R. § 402.35(b)(1).

the individual alleges [CRPS] are adjudicated using the sequential evaluation process, just as for any other impairment." *Id.* at *6. Further:

> [I]n determining RFC, all of the individual's symptoms must be considered in deciding how such symptoms may affect functional capacities. Careful consideration must be given to the effects of pain and its treatment on an individual's capacity to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. Opinions from an individual's medical sources, especially treating sources, concerning the effect(s) of [CRPS] on the individual's ability to function in a sustained manner in performing work activities, or in performing activities of daily living, are important in enabling adjudicators to draw conclusions about the severity of the impairment(s) and the individual's RFC.

*Id.* at *7.

This Court's recent decision in *Paul P. v. Saul* provides guidance. In *Paul P.*, the Court detailed the ALJ's process for evaluating a plaintiff's CRPS based on SSR 03-2p. No. CV GLS 19-2793, 2021 WL 1134751, at *2 (D.Md. Mar. 24, 2021). In addition to the SSR 03-2p guidance, the Court explained that the ALJ "must explain which of the claimant's symptoms the ALJ 'found consistent or inconsistent with the evidence in [the] record and how [the] evaluation of the individual's symptoms led to [the ALJ's] conclusions.'" *Id.* at *3 (quoting SSR 16-3p, 2017 WL 5180304, at *8). The Court ultimately remanded the case because the ALJ "failed to adequately explain why he discredited the [p]laintiff's allegations as to the intensity, persistence, and limiting effects of his symptoms in accordance with SSR 03-2p," mirroring similar issues warranting remand in *Stephanie N. v. Saul* and *Berry v. Saul*. *Id.* at *4. *See Stephanie N. v. Saul*, Civ. No. SVH 20-2027, 2021 WL 777560 (D.S.C. Mar. 1, 2021), at *20–22; *Berry v. Saul*, Civ. No. FDW 20-00002, 2020 WL 6365464 (W.D.N.C. Oct. 29, 2020), at *4. In particular, the ALJ stated that the medical record showed the plaintiff had a normal gait and range of motion, however other medical evidence in the record indicated that he did not have a consistently normal gait and range of motion, including an examination that reported an antalgic

8

gait. 2021 WL 1134751, at *4. Because the ALJ "did not include any discussion or clarification of this conflicting evidence" used to discredit the plaintiff's subjective pain limitations, the decision ran afoul of SSR 03-2p. *Id.* The ALJ further relied on the plaintiff's activities of daily living to conclude no greater limitations were warranted, but he failed to consider the plaintiff's statements as to his ability to perform the activities in accordance with *Woods v. Berryhill. Id.*

The reasoning in *Paul P.* is persuasive. Here, the ALJ identified that Plaintiff reported nerve pain, difficulty lifting, squatting, bending, standing, walking, kneeling, and stair climbing, elevating his leg 75-80% of the day, and needing breaks during his daily activities. ECF No. 11-3 at 21. However, the ALJ concluded that Plaintiff's statements on the intensity, persistence, and limiting effects of his symptoms were "not entirely consistent with the medical evidence and other evidence in the record." *Id.* The ALJ concluded that the "objective findings fail to provide strong support for [Plaintiff's] allegations of disabling symptoms and limitations." *Id.* at 22. In so finding, the ALJ focused on Plaintiff's normal gait and his daily activities, despite his leg impairment, including Plaintiff's travel on a bus and train to visit his children, climbing stairs to his third floor apartment, taking out the garbage, taking public transit, cleaning, and making sandwiches, among others. *Id.* at 22–28.

However, additional evidence in the record is in conflict with the ALJ's focus on Plaintiff's normal gait, and the ALJ has not resolved this inconsistency. First, there are medical records that identify antalgic gait and an unsteady walk. *See, e.g.*, ECF No. 11-8 at 300, 440. Second, evaluations also show Plaintiff had a limited range of motion in his leg. *See, e.g., id.* at 296, 298. Third, there are multiple reports that Plaintiff experienced allodynia in his leg ("[p]ain in response to normally innocuous stimuli"). ECF No. 15-2 at 18 n.10 (citation omitted). *See, e.g.*, ECF No. 11-8 at 304, 375. As detailed in *Paul P.* and SSR 03-2p, such "conflicting evidence in the medical

record is not unusual" in CRPS cases, and the ALJ erred by failing to include "any discussion or clarification of this conflicting evidence." *See* 2021 WL 1134751, at *4; 2003 WL 22399117, at *1, 4–5. The Court therefore cannot conclude the ALJ's decision is supported by substantial evidence, and remand is proper.

While Defendant contends that that ALJ conducted a thorough analysis with detailed discussions of the evidence, including "explanations as to why he found unpersuasive any opinions suggesting Plaintiff could not stand and/or walk at least six hours in an eight-hour workday as required for light work," *see* ECF No. 16-1 at 7, the Court finds this is insufficient. The ALJ explained: "despite [Plaintiff's] remote history of leg injuries and surgeries, he has been found to have a normal gait . . . [and] remains able to perform the standing and walking associated with" his daily activities, like cleaning, taking public transportation, and climbing the stairs to his third floor apartment. ECF No. 11-3 at 24 (citations omitted). The ALJ, however, did not explain how these findings address the inconsistency with other reports of Plaintiff's pain, antalgic gait, and unsteady walk.[3] It is certainly the ALJ's purview to make such determinations, but without an explanation to resolve the discrepancy, the reviewing Court is unable to determine whether the ALJ's decision is supported by substantial evidence.

## CONCLUSION

The Court thus concludes that the ALJ failed to provide substantial evidence to support the finding that Plaintiff was "not disabled" within the meaning of the Act. Therefore, based on the

---

[3] Because the ALJ's decision failed to comport with SSR 03-2p, the Court need not analyze whether the ALJ's analysis of Plaintiff's daily activities comports with *Woods v. Berryhill*. On remand, the ALJ may consider these arguments and make any required adjustments to the opinion. *See Tanner v. Comm'r of Soc. Sec.*, 602 F.App'x 95, 98 n.* (4th Cir. 2015) (per curiam) (citing HALLEX I-2-8-18 (May 26, 2017)) (explaining that, when the Court remands, the Appeals Council vacates the entire prior decision and the ALJ considers all pertinent issues *de novo*).

foregoing and pursuant to 42 U.S.C. § 405(g), Plaintiff's Motion for Summary Judgment (ECF No. 15) and Defendant's Motion for Summary Judgment (ECF No. 16) are DENIED. The decision of the SSA is REVERSED due to inadequate analysis. This case is REMANDED for further proceedings in accordance with this Opinion.

Date: 20 January 2022

A. David Copperthite
United States Magistrate Judge